WILLIAM M. TEBO, as Assignee in Bankruptcy of WILLIAM BROWN, Respondent, v. ELIZA BAKER, Appellant, Impleaded with others.

*Order for examination before trial—must be served on party as well as attorney, Code of Civil Procedure, section 873.*

An order for the examination of a party before trial under section 873 of the Code of Civil Procedure, must be served upon the party personally, as well as upon his attorney.

Even if such section does not require personal service upon the party, he cannot be punished for contempt in failing to appear, unless such service has been made upon him.

Appeal from an order punishing the appellant, by striking out her answer, for a contempt in failing to obey an order requiring her to appear and be examined as a party before trial.

*Morris & Pearsall*, for the appellant. The service of the affidavit and order upon the defendant's attorneys, only, was not a sufficient service to compel the attendance of the appellant to punish her, as for a contempt in not appearing. The order should have been served upon the said defendant, and her witness fees and mileage paid or tendered. (*Riddle* v. *Cram*, 3 Abb. [N. C.], 117, note; *Fresberg* v. *Branigan*, 3 id., 121; *Wood* v. *Keal*, 3 id., 122; *contra*, see *Webster* v. *Stockwell*, 3 id., 116; *Thompson* v. *Sickles*, 3 id., 121.) The defendant could not be punished for contempt of an order not served upon her; no order to show cause or notice of motion to punish her for contempt was ever served upon her, and it does not appear that she ever had any knowledge of the order requiring her appearance for examination. (Code, § 8, sub. 3; id., § 802; *Satterlee* v. *De Comean*, 7 Robt., 666; 2 R. S., 535, §§ 3 and 5; *Rider* v. *Kidder*, 12 Ves., 202; *Durant* v. *Moore*, 2 Russ. & Mylne, 34; *Weston* v. *Faulkner*, 2 Price, 2; 4 Wait's Pr., 180.)

*J. T. Marean*, for the respondent.

GILBERT, J.:

On the fifteenth of July last, an order for the examination of the defendant, Eliza Baker, before trial, was made in this action, on the application of the plaintiff, pursuant to section 873 of the Code of Civil Procedure. Mrs. Baker had appeared in the action by attorney, and put in an answer. Neither the order, nor the affidavit on which it was made, was served upon her, nor does it appear that she had been informed that the order had been made, but the affidavit and order were served upon her attorney as required by section 874 of the Code of Civil Procedure. Mrs. Baker having failed to appear, as required by the order aforesaid, an order that her answer be stricken out was made. She has appealed from that order, and that is the case before us.

It is insisted on behalf of the plaintiff that service of the order for the examination of a party upon the attorney is sufficient; that such service is the particular mode of service provided by the Code, and that service upon the party is not required thereby. The justice at Special Term so held, and the question is whether he interpreted the statute correctly. I think that he did not. To punish a person for disobedience of an order which had not been communicated to him must strike every one as very unjust. Depriving a party of all defense to an action against him may be a severe punishment. A construction of a statute which leads to such a result should be very palpable before it is adopted. I am of opinion that a reasonable construction of the provisions of the Code on this subject requires that the order shall be served upon the party, and also upon his attorney, if he has appeared by attorney. The process of amendment to which sections 873 and 874 of the Code of Civil Procedure have been subjected, has obscured their meaning. As passed in 1876, section 873 provided that "the order must require each of the parties to the action except the applicant; or if no action is pending, each of the persons named in the affidavit as the expected adverse parties thereto," etc., and section 874 provided for the issuing of a subpœna directed to the person to be examined, requiring him to attend at the time and place specified in the order; and it also provided the same penalty for disobedience as is now provided by that section. By chapter 416 of the Laws of 1877, those sections were amended. The

184 TEBO v. BAKER.

words quoted were stricken out of 873, and in lieu thereof there was inserted the simple provision that " the order must require the party or person to be examined to appear," etc. The provision for a subpœna was stricken out of section 874, and a service of the order was, I think, impliedly substituted therefor. The provisions for compelling attendance of the party to be examined, and for punishing his failure to attend, were in substance retained. It is true that the Legislature, in constructing these amendments, omitted (probably by inadvertence), an express provision requiring service of the order upon the party to be examined in lieu of the service of a subpœna. But that omission is not material, for as the law stood at the time of the amendment no punishment could be imposed for disobedience of an order, without proof of personal service of the order upon the party accused of such disobedience. (2 R. S., 534, § 3 ; Code of Civil Procedure, § 853.) The Code of Civil Procedure (§ 14) has defined what shall constitute a contempt, but it seems that it has left the provisions of the Revised Statutes respecting the remedy therefor in force. The language of section 874 is " if the party or person *so served* fails to obey the order, his attendance may be compelled, and he may be punished," etc. This language implies that the provision was enacted under a supposition that a previous provision had been made for a service of the order upon the party, else why was the phrase " *so* served" used ? And I am of opinion that section 873 does require such service, for in no other way can the requirement that the party shall appear be enforced and made effectual, consistently with the just rights of such party, and with immemorial practice in such cases. Section 875 can have full effect by giving to it the interpretation before suggested, namely, that it was intended to provide for a service upon the attorney of each party, as a notice in addition to personal service upon the party who is to be examined. If the Legislature had intended that service upon the attorney should take the place of service upon the party, it seems to me they would have said so in plain terms. The order for the examination of a party to an action before trial is one in the action, and it may be served upon the attorney in the several modes provided by section 799 of the Code of Civil Procedure, namely, personally, through the post-office, by leaving the papers with

a clerk, and by other less direct modes of service. Did the Legislature intend that a citizen should be exposed to the hazard of being subjected to punishment for a contempt by such means? Something like an answer to that question is found in section 802 of the Code of Civil Procedure, whereby the provisions thereof, authorizing and regulating the mode of service of papers upon attorneys, are made inapplicable to the service of a summons or other process, or of a paper to bring a party into contempt, and more pointedly in sections 853 and 874. These sections do not authorize proceedings against a party upon a service on his attorney, but are in terms limited to the person *upon whom the service was made.* Therefore, whether the construction which I have put on section 875, or that for which the plaintiff contends, be the correct one, it is clear that where the order has been served on the attorney only, no one can be punished for a disobedience thereof. The attorney cannot, because he was not required to obey it; and the party cannot, because the statute authorizes the punishment of the person upon whom the order was served only.

Other considerations might be added, arising out of the inconvenience and unfairness to which the construction of the statute adopted at Special Term might lead, in case of a temporary or permanent absence of the party to be examined from his place of residence, and from the inappropriateness of the restrictions as to service contained in section 873, if service on the attorney were intended. But enough has been said, I think, to show that the order appealed from is erroneous.

The order should be reversed, with ten dollars costs and disbursements.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order reversed, with costs and disbursements.